IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD C. MEDEIROS, | ) | CIV. NO. 05-00738 SOM-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | PETITION |
| LANE BLAIR, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DISMISS PETITION

On November 30, 2005, *pro se* Petitioner Harold C. Medeiros filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Petition has been referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a). Respondent has submitted a preliminary answer to the petition ("Answer") and Medeiros has filed a traverse to the Answer ("Reply"). This court FINDS AND RECOMMENDS that the Petition be DISMISSED in part with prejudice as time-barred and that the remaining claims, which constitute a separate challenge to a separate parole determination, be DISMISSED without prejudice as unexhausted.

## BACKGROUND AND PROCEDURAL HISTORY

On April 30, 2001, Medeiros pled no contest to Place to Keep Firearms, in violation of Hawaii Revised Statute § 134-6 ("Haw. Rev. Stat.") (Count I);

Possession of Prohibited Firearm or Ammunition, in violation of Haw. Rev. Stat.

§ 134-7(b) and (h) (Count II); Possession of Prohibited Ammunition, in violation

of Haw. Rev. Stat. § 134-7(b) and (h) (Count III); and Theft in the First Degree, in

violation of Haw. Rev. Stat. § 708-830.5 (Count IV).  (Answer Ex. A.)

On November 13, 2001,  the Circuit Court of the First Circuit, State of

Hawaii, ("circuit court") sentenced Medeiros to five years probation on all counts,

subject to several conditions.  (*Id.*, Ex. B.)  Medeiros did not file a petition for

post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure

("H.R.P.P.") or otherwise appeal his conviction or sentence.

Medeiros violated the terms of his probation and the circuit court held an

evidentiary hearing on the state's motion to revoke Medeiros's probation on March

25, 2002.  (*Id.*, Ex. C.)  At that hearing, the circuit court granted the state's motion,

revoked Medeiros's probation, and resentenced him to the maximum indeterminate

term of ten years imprisonment each for Counts I and IV, and five years

imprisonment each for Counts II and III.

On October 23, 2002, the Hawai`i Paroling Authority ("HPA") held a

hearing, at which Medeiros was present with counsel, to determine Medeiros's

minimum terms of imprisonment.  On November 13, 2002, the HPA set

Medeiros's minimum terms of imprisonment equal to his maximum terms: ten

2

years each for Counts I and IV, and five years each for Counts II and III.  Medeiros

admits that the HPA made this determination based on his extensive criminal

history.  (*See* Mem. in Support of Pet. at 9.)  Medeiros did not appeal the HPA's

decision, either administratively to the HPA, or in a Rule 40 petition for state post-

conviction relief.  Medeiros claims that he chose not to appeal this decision to the

Hawaii courts because the Hawaii Supreme Court "has recently and consistently

ruled against the identical claims I have raised," and, therefore, appealing his

sentence was futile.  (Pet. at 4; Mem. in Support at 2.)  Medeiros is referring to the

Hawaii Supreme Court's ruling in *Williamson v. Hawaii Paroling Authority*, 35

P.3d 210 (2001), which holds that the HPA "has the statutory authority to set a

prisoner's minimum term at period equal to his or her maximum sentence."  *Id.* at

223.

Approximately two years later, in October 2005, Medeiros petitioned the

HPA for a reduction of his minimum term.  Medeiros says the HPA denied a

reduction in his minimum terms until he completed "all recommended

programming."[1]  (Mem. in Support of Petition at 10, quoting Ex. E to Mem.)  The

---

[1]The timing of Medeiros's request for reduction of sentence is confusing, as he says he applied for the reduction in October 2005, however the document he supplies, showing that his request was denied, is dated "09/09/05," apparently one month before Medeiros says he applied.  (*See* Ex. E to Mem. in Support of Pet.)

HPA's denial actually states that Medeiros's required programs "are not confirmed complete[,]" and that, because Medeiros's "criminal history, previous and current conviction involves the pervasive use of firearms[,] . . . a reduction in his minimum is not endorsed, as his current minimum is believed appropriate," which suggests several reasons for the denial. *Id.* On November 30, 2005, Albert Tufono, HPA Chair, confirmed that Medeiros had been denied a reduction in his minimum term of sentence. (Reply, Ex. B.)

Medeiros met with Tommy Johnson, HPA Administrator, on November 26, 2005. Medeiros told Johnson that it was difficult, if not impossible, for him to complete all of the required preconditions to receiving a reduction in his minimum terms, because he was not eligible to take the required programs unless his minimum terms were reduced, placing him in a "Catch 22." Johnson informed Medeiros that the HPA would not reconsider its decision in his case, and that, if Medeiros disagreed, he should file a Rule 40 petition with the Hawaii courts. (*See* Mem. in Support of Petition at 33.)

On November 30, 2005, the same date that the Tufono wrote Medeiros informing him that the HPA denied his request for reduction of his minimum terms, Medeiros filed this petition. The Petition challenges both Medeiros's sentence, arguing that it is unconstitutional for the HPA to impose a minimum term

4

of imprisonment that is equal to the maximum term of imprisonment, and the

HPA's more recent denial of a reduction of his minimum terms.  The Petition

raises three grounds for relief: (1) that the HPA's setting of his minimum terms of

imprisonment equal to his maximum terms of imprisonment is unconstitutional

(Ground one); (2) that the HPA set his minimum terms arbitrarily and capriciously

(Ground two); and that it is impossible to fulfill the HPA's preconditions of parole

while his minimum term is equal to his maximum terms (Ground three).

## DISCUSSION

Preliminarily, the court finds that Medeiros is actually challenging two

separate parole decisions in the Petition.  First, he challenges the HPA's initial

decision in November 2002, to set his minimum and maximum terms of sentence

the same.  Second, he challenges the HPA's recent decision, in October 2005,

denying his request to reduce his minimum term.  The court finds that these are

two separate challenges, involving different parole board determinations, which

must be challenged separately in separate federal petitions.  *See* Rules Governing

Section 2254 Cases, 28 U.S.C. foll. § 2254, Rule 2(e) (separate petitions are

required when seeking relief from different judgments).

I.      Medeiros's Challenge to his Initial Sentence is Time-barred.

Medeiros first challenges the alleged unconstitutionality of his sentence,

protesting the HPA's determination that his minimum and maximum terms of imprisonment should be the same.  He claims that this determination was unconstitutional, arbitrary, and capricious.

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In *Redd v. McGrath*, the Ninth Circuit Court of Appeals held that the statute

of limitation on a petition challenging a parole board determination begins to run on the day after the parole board's administrative decision is rendered.  343 F.3d 1077, 1079 and 1085 (9th Cir. 2003).  The Ninth Circuit reasoned that, under § 2244(d)(1)(D), the date of the "factual predicate" for a petitioner's claim is determined "by inquiring when [petitioner] could have learned the factual basis for his claim through the exercise of diligence.  This occurred when the Board denied [petitioner's] administrative appeal[.]"  343 F.3d at1084.

Here, Medeiros knew the factual predicate of his claims no later than November 13, 2002, which is the date that the HPA set his minimum terms equal to his maximum terms of imprisonment.  The statute of limitation began to run the next day, November 14, 2002, and, barring other statutory or equitable bases for tolling, expired one year later on November 14, 2003.

Medeiros admits that he purposely did not file a state petition for post-conviction relief challenging his sentence because he believed that filing such a petition would have been futile under *Williamson.*  It is therefore clear that Medeiros made a knowing, intelligent, and conscious decision not to pursue his state judicial remedies on this claim.  He does not explain why, if he felt a state appeal of the HPA's decision was futile, he did not proceed immediately to the

federal court with his claim or why he waited three years to finally do so.[2]

Medeiros further claims that he has "[o]ver the years 2003 through the present, . . . pursued and exhausted his administrative remedies seeking resolution of his claims," belying any claim that there was a state-created impediment to his filing a federal habeas petition during that time.  Nor are his claims based on newly

---

[2]This is not to say the court accepts Medeiros's argument that resort to the state courts would have been futile in his case.  It is true that exhaustion may be excused where it would be futile.  *See* 28 U.S.C. § 2254(b)(1)(A); *Coe v. Thurman,* 922 F.2d 528, 530 (9th Cir.1990)  (extraordinary delay in state courts can render state corrective processes ineffective within meaning of  2254(b) and excuse exhaustion). Whether futility remains a valid exception to exhaustion, however, based on Medeiros's argument that the state supreme court has rejected similar arguments is questionable. *See Noltie v. Peterson,* 9 F.3d 802, 80506 (9th Cir. 1993) (questioning and rejecting the doctrine); *but see*, *Sweet v. Cupp,* 640 F.2d 233, 236 (9th Cir. 1981) (exhaustion requirement may be avoided by showing that it would be futile in light of prevailing decisions of highest state court). This is because, even if the Hawaii Supreme Court has previously rejected the same federal constitutional challenge that Medeiros raises in other cases involving different petitioners, they may always reconsider their previous decisions.  *See Engle v. Isaac,* 456 U.S. 107, 130 (1982). Thus, futility is not assured and Medeiros would still be required to exhaust his state remedies.

Additionally, Medeiros claims in Ground two that the HPA's decision was arbitrary and capricious.  The *Williamson* court specifically limited its ruling to holding that the HPA had the statutory authority to set a minimum term equal to a maximum term of imprisonment. 35 P.3d at 223.  *Williamson* did not rule that the HPA could do so arbitrarily or capriciously in violation of due process or other constitutional rights.  *See id.* n.16.  A claim raising these issues, therefore, could not be considered futile under *Williamson*.  The court does not reach this argument, however, because, as discussed, Medeiros is time-barred from asserting his claim that the HPA's decision to set his minimum and maximum terms at the same length violates the Constitution.

decided Supreme Court law.  Medeiros is not entitled to statutory tolling of the statute of limitation.  28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions, when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," the statute of limitation may be equitably tolled.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling is unavailable in most cases but may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  *Id.* at 1107; *see also Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).  A petitioner has the burden of demonstrating that he is entitled to tolling of the statute.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

The court informed Medeiros that his petition appeared time-barred, and instructed him to provide, if possible, bases for determining whether equitable tolling of the statute was available to him.  Medeiros has not done so.  Moreover, based on his own admissions, that he knew he could appeal to the state court but chose not to, and that he was vigorously pursuing administrative remedies since at least 2003, it is clear that he cannot establish the extraordinary circumstances necessary to equitably toll the statute of limitation.

The court finds and recommends that Medeiros's claims relating to the

9

HPA's initial decision to set his minimum and maximum terms the same are time-barred and should be DISMISSED with prejudice.

II.   Claims Relating to the 2005 Denial of Reduction of Minimum Terms Are Unexhausted and Should be Dismissed.

Medeiros also challenges the HPA's November 2005 denial of his request for a reduction in his minimum terms of imprisonment.  Medeiros admits that these claims are unexhausted, and concedes that he has the right to appeal the HPA's decision to the Hawaii courts.  *See Turner v. Hawai'i Paroling Authority*, 1 P.3d 768 (App. 2000) ( HRPP Rule 40 petition is the appropriate means to challenge an HPA decision denying parole).  Medeiros argues that his Petition is actually a "mixed petition" and that the court has the authority to "separate the claims and send the unexhausted state claims down to the state courts without prejudice and hear the claims within its jurisdiction[.]" (Reply § C.)  The court disagrees.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy,* 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano,*

454 U.S. 1, 3 (1981).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state " 'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor,* 404 U.S. 270, 275  (1971) (citations omitted).  A federal district court must dismiss a habeas petition containing claims as to which state remedies have not been exhausted.  *See Rose v. Lundy,* 455 U.S. at 522.

Where the petition is "mixed," containing both exhausted and unexhausted claims, the court has discretion to stay the petition and hold it in abeyance until state judicial remedies are exhausted.  *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1532-35 (2005).  A stay and abeyance is available, however, only in limited circumstances and before granting a stay of a mixed petition, the court must determine whether there was good cause for a petitioner's failure to exhaust before filing his federal petition and, moreover, whether any unexhausted claims are "plainly meritless." *Id.*, 125 S.Ct. at 1535.

None of the claims in this Petition have been exhausted.  Thus, the Petition is not "mixed" and therefore subject to the possibility of a stay and abeyance.  As discussed, this Petition is actually two separate petitions challenging two separate parole board decisions.  Medeiros's argument that, because he has the right to bring his claims to the state court in Rule 40 petition vests concurrent jurisdiction

11

in this court is mistaken.  It is not a matter or jurisdiction, but comity, which dictates that this court dismiss an unexhausted petition so that the state courts may have the first opportunity to correct the alleged violations of federal rights.  The court finds that Medeiros's claims relating to the denial of a reduction in his minimum terms are unexhausted and recommends that they be dismissed without prejudice.  The court reiterates that this does not mean that Medeiros may proceed to the state court, attempt to exhaust *all* of the claims he raises in this Petition, and may then raise them again in this court.  As discussed, *supra*, the court finds that Medeiros's claims in Grounds one and two, that the initial decision of the HPA was unconstitutional, are time-barred and if this finding is adopted, these claims may not be raised again without permission from the Ninth Circuit Court of Appeals.  *See* 28 U.S.C. 2244(b)(3)(A).

## CONCLUSION

1.      The court FINDS that this Petition challenges two separate parole board decisions and is, therefore, two separate petitions, and RECOMMENDS they be treated separately.

2.      The court FINDS that Grounds one and two, and all claims relating to the HPA's initial setting of Medeiros's minimum and maximum terms, constitute the first Petition.  The court FINDS that the first Petition, Grounds one and two, is

12

time-barred and RECOMMENDS it be DISMISSED with prejudice.

   3.  The court FINDS that Ground three, and all claims relating to the HPA's recent denial of Medeiros's petition to reduce his minimum terms, constitute a second Petition.  The court FINDS that these claims are unexhausted and RECOMMENDS they be DISMISSED without prejudice.

   IT IS SO FOUND AND RECOMMENDED.

   DATED:  Honolulu, Hawaii, April 9, 2006.



          Kevin S.C. Chang
          United States Magistrate Judge

Medeiros v. Blair, et al., Civ. No. 05-00738 SOM-KSC, FINDINGS AND RECOMMENDATION TO DISMISS PETITION, dmp\ Habeas 06\ Medeiros f&r

13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD C. MEDEIROS, | ) | CIV. NO. 05-00738 SOM-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | PETITION |
| LANE BLAIR, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DISMISS PETITION

On November 30, 2005, *pro se* Petitioner Harold C. Medeiros filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Petition has been referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a). Respondent has submitted a preliminary answer to the petition ("Answer") and Medeiros has filed a traverse to the Answer ("Reply").  This court FINDS AND RECOMMENDS that the Petition be DISMISSED in part with prejudice as time-barred and that the remaining claims, which constitute a separate challenge to a separate parole determination, be DISMISSED without prejudice as unexhausted.

## BACKGROUND AND PROCEDURAL HISTORY

On April 30, 2001, Medeiros pled no contest to Place to Keep Firearms, in violation of Hawaii Revised Statute § 134-6 ("Haw. Rev. Stat.") (Count I);

Possession of Prohibited Firearm or Ammunition, in violation of Haw. Rev. Stat.

§ 134-7(b) and (h) (Count II); Possession of Prohibited Ammunition, in violation

of Haw. Rev. Stat. § 134-7(b) and (h) (Count III); and Theft in the First Degree, in

violation of Haw. Rev. Stat. § 708-830.5 (Count IV).  (Answer Ex. A.)

On November 13, 2001,  the Circuit Court of the First Circuit, State of

Hawaii, ("circuit court") sentenced Medeiros to five years probation on all counts,

subject to several conditions.  (*Id.*, Ex. B.)  Medeiros did not file a petition for

post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure

("H.R.P.P.") or otherwise appeal his conviction or sentence.

Medeiros violated the terms of his probation and the circuit court held an

evidentiary hearing on the state's motion to revoke Medeiros's probation on March

25, 2002.  (*Id.*, Ex. C.)  At that hearing, the circuit court granted the state's motion,

revoked Medeiros's probation, and resentenced him to the maximum indeterminate

term of ten years imprisonment each for Counts I and IV, and five years

imprisonment each for Counts II and III.

On October 23, 2002, the Hawai`i Paroling Authority ("HPA") held a

hearing, at which Medeiros was present with counsel, to determine Medeiros's

minimum terms of imprisonment.  On November 13, 2002, the HPA set

Medeiros's minimum terms of imprisonment equal to his maximum terms: ten

2

years each for Counts I and IV, and five years each for Counts II and III.  Medeiros admits that the HPA made this determination based on his extensive criminal history.  (*See* Mem. in Support of Pet. at 9.)  Medeiros did not appeal the HPA's decision, either administratively to the HPA, or in a Rule 40 petition for state post-conviction relief.  Medeiros claims that he chose not to appeal this decision to the Hawaii courts because the Hawaii Supreme Court "has recently and consistently ruled against the identical claims I have raised," and, therefore, appealing his sentence was futile.  (Pet. at 4; Mem. in Support at 2.)  Medeiros is referring to the Hawaii Supreme Court's ruling in *Williamson v. Hawaii Paroling Authority*, 35 P.3d 210 (2001), which holds that the HPA "has the statutory authority to set a prisoner's minimum term at period equal to his or her maximum sentence."  *Id.* at 223.

Approximately two years later, in October 2005, Medeiros petitioned the HPA for a reduction of his minimum term.  Medeiros says the HPA denied a reduction in his minimum terms until he completed "all recommended programming."[1]  (Mem. in Support of Petition at 10, quoting Ex. E to Mem.)   The

---

[1]The timing of Medeiros's request for reduction of sentence is confusing, as he says he applied for the reduction in October 2005, however the document he supplies, showing that his request was denied, is dated "09/09/05," apparently one month before Medeiros says he applied.  (*See* Ex. E to Mem. in Support of Pet.)

HPA's denial actually states that Medeiros's required programs "are not confirmed complete[,]" and that, because Medeiros's "criminal history, previous and current conviction involves the pervasive use of firearms[,] . . . a reduction in his minimum is not endorsed, as his current minimum is believed appropriate," which suggests several reasons for the denial. *Id.* On November 30, 2005, Albert Tufono, HPA Chair, confirmed that Medeiros had been denied a reduction in his minimum term of sentence. (Reply, Ex. B.)

Medeiros met with Tommy Johnson, HPA Administrator, on November 26, 2005. Medeiros told Johnson that it was difficult, if not impossible, for him to complete all of the required preconditions to receiving a reduction in his minimum terms, because he was not eligible to take the required programs unless his minimum terms were reduced, placing him in a "Catch 22." Johnson informed Medeiros that the HPA would not reconsider its decision in his case, and that, if Medeiros disagreed, he should file a Rule 40 petition with the Hawaii courts. (*See* Mem. in Support of Petition at 33.)

On November 30, 2005, the same date that the Tufono wrote Medeiros informing him that the HPA denied his request for reduction of his minimum terms, Medeiros filed this petition. The Petition challenges both Medeiros's sentence, arguing that it is unconstitutional for the HPA to impose a minimum term

4

of imprisonment that is equal to the maximum term of imprisonment, and the

HPA's more recent denial of a reduction of his minimum terms.  The Petition

raises three grounds for relief: (1) that the HPA's setting of his minimum terms of

imprisonment equal to his maximum terms of imprisonment is unconstitutional

(Ground one); (2) that the HPA set his minimum terms arbitrarily and capriciously

(Ground two); and that it is impossible to fulfill the HPA's preconditions of parole

while his minimum term is equal to his maximum terms (Ground three).

## DISCUSSION

Preliminarily, the court finds that Medeiros is actually challenging two

separate parole decisions in the Petition.  First, he challenges the HPA's initial

decision in November 2002, to set his minimum and maximum terms of sentence

the same.  Second, he challenges the HPA's recent decision, in October 2005,

denying his request to reduce his minimum term.  The court finds that these are

two separate challenges, involving different parole board determinations, which

must be challenged separately in separate federal petitions.  *See* Rules Governing

Section 2254 Cases, 28 U.S.C. foll. § 2254, Rule 2(e) (separate petitions are

required when seeking relief from different judgments).

I.      <u>Medeiros's Challenge to his Initial Sentence is Time-barred.</u>

Medeiros first challenges the alleged unconstitutionality of his sentence,

protesting the HPA's determination that his minimum and maximum terms of imprisonment should be the same.  He claims that this determination was unconstitutional, arbitrary, and capricious.

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In *Redd v. McGrath*, the Ninth Circuit Court of Appeals held that the statute

6

of limitation on a petition challenging a parole board determination begins to run on the day after the parole board's administrative decision is rendered. 343 F.3d 1077, 1079 and 1085 (9th Cir. 2003). The Ninth Circuit reasoned that, under § 2244(d)(1)(D), the date of the "factual predicate" for a petitioner's claim is determined "by inquiring when [petitioner] could have learned the factual basis for his claim through the exercise of diligence. This occurred when the Board denied [petitioner's] administrative appeal[.]" 343 F.3d at1084.

Here, Medeiros knew the factual predicate of his claims no later than November 13, 2002, which is the date that the HPA set his minimum terms equal to his maximum terms of imprisonment. The statute of limitation began to run the next day, November 14, 2002, and, barring other statutory or equitable bases for tolling, expired one year later on November 14, 2003.

Medeiros admits that he purposely did not file a state petition for post-conviction relief challenging his sentence because he believed that filing such a petition would have been futile under *Williamson.* It is therefore clear that Medeiros made a knowing, intelligent, and conscious decision not to pursue his state judicial remedies on this claim. He does not explain why, if he felt a state appeal of the HPA's decision was futile, he did not proceed immediately to the

7

federal court with his claim or why he waited three years to finally do so.[2]

Medeiros further claims that he has "[o]ver the years 2003 through the present, . . . pursued and exhausted his administrative remedies seeking resolution of his claims," belying any claim that there was a state-created impediment to his filing a federal habeas petition during that time.  Nor are his claims based on newly

---

[2]This is not to say the court accepts Medeiros's argument that resort to the state courts would have been futile in his case.  It is true that exhaustion may be excused where it would be futile.  *See* 28 U.S.C. § 2254(b)(1)(A); *Coe v. Thurman,* 922 F.2d 528, 530 (9th Cir.1990)  (extraordinary delay in state courts can render state corrective processes ineffective within meaning of  2254(b) and excuse exhaustion). Whether futility remains a valid exception to exhaustion, however, based on Medeiros's argument that the state supreme court has rejected similar arguments is questionable. *See Noltie v. Peterson,* 9 F.3d 802, 80506 (9th Cir. 1993) (questioning and rejecting the doctrine); *but see*, *Sweet v. Cupp,* 640 F.2d 233, 236 (9th Cir. 1981) (exhaustion requirement may be avoided by showing that it would be futile in light of prevailing decisions of highest state court). This is because, even if the Hawaii Supreme Court has previously rejected the same federal constitutional challenge that Medeiros raises in other cases involving different petitioners, they may always reconsider their previous decisions.  *See Engle v. Isaac,* 456 U.S. 107, 130 (1982). Thus, futility is not assured and Medeiros would still be required to exhaust his state remedies.

Additionally, Medeiros claims in Ground two that the HPA's decision was arbitrary and capricious.  The *Williamson* court specifically limited its ruling to holding that the HPA had the statutory authority to set a minimum term equal to a maximum term of imprisonment. 35 P.3d at 223.  *Williamson* did not rule that the HPA could do so arbitrarily or capriciously in violation of due process or other constitutional rights.  *See id.* n.16.  A claim raising these issues, therefore, could not be considered futile under *Williamson*.  The court does not reach this argument, however, because, as discussed, Medeiros is time-barred from asserting his claim that the HPA's decision to set his minimum and maximum terms at the same length violates the Constitution.

decided Supreme Court law.  Medeiros is not entitled to statutory tolling of the statute of limitation.  28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions, when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," the statute of limitation may be equitably tolled.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling is unavailable in most cases but may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  *Id.* at 1107; *see also Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).  A petitioner has the burden of demonstrating that he is entitled to tolling of the statute.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

The court informed Medeiros that his petition appeared time-barred, and instructed him to provide, if possible, bases for determining whether equitable tolling of the statute was available to him.  Medeiros has not done so.  Moreover, based on his own admissions, that he knew he could appeal to the state court but chose not to, and that he was vigorously pursuing administrative remedies since at least 2003, it is clear that he cannot establish the extraordinary circumstances necessary to equitably toll the statute of limitation.

The court finds and recommends that Medeiros's claims relating to the

9

HPA's initial decision to set his minimum and maximum terms the same are time-barred and should be DISMISSED with prejudice.

II.   Claims Relating to the 2005 Denial of Reduction of Minimum Terms Are Unexhausted and Should be Dismissed.

Medeiros also challenges the HPA's November 2005 denial of his request for a reduction in his minimum terms of imprisonment.  Medeiros admits that these claims are unexhausted, and concedes that he has the right to appeal the HPA's decision to the Hawaii courts.  *See Turner v. Hawai'i Paroling Authority*, 1 P.3d 768 (App. 2000) ( HRPP Rule 40 petition is the appropriate means to challenge an HPA decision denying parole).  Medeiros argues that his Petition is actually a "mixed petition" and that the court has the authority to "separate the claims and send the unexhausted state claims down to the state courts without prejudice and hear the claims within its jurisdiction[.]" (Reply § C.)  The court disagrees.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy,* 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano,*

454 U.S. 1, 3 (1981).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state " 'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor,* 404 U.S. 270, 275  (1971) (citations omitted).  A federal district court must dismiss a habeas petition containing claims as to which state remedies have not been exhausted.  *See Rose v. Lundy,* 455 U.S. at 522.

Where the petition is "mixed," containing both exhausted and unexhausted claims, the court has discretion to stay the petition and hold it in abeyance until state judicial remedies are exhausted.  *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1532-35 (2005).  A stay and abeyance is available, however, only in limited circumstances and before granting a stay of a mixed petition, the court must determine whether there was good cause for a petitioner's failure to exhaust before filing his federal petition and, moreover, whether any unexhausted claims are "plainly meritless." *Id.*, 125 S.Ct. at 1535.

None of the claims in this Petition have been exhausted.  Thus, the Petition is not "mixed" and therefore subject to the possibility of a stay and abeyance.  As discussed, this Petition is actually two separate petitions challenging two separate parole board decisions.  Medeiros's argument that, because he has the right to bring his claims to the state court in Rule 40 petition vests concurrent jurisdiction

11

in this court is mistaken.  It is not a matter or jurisdiction, but comity, which dictates that this court dismiss an unexhausted petition so that the state courts may have the first opportunity to correct the alleged violations of federal rights.  The court finds that Medeiros's claims relating to the denial of a reduction in his minimum terms are unexhausted and recommends that they be dismissed without prejudice.  The court reiterates that this does not mean that Medeiros may proceed to the state court, attempt to exhaust *all* of the claims he raises in this Petition, and may then raise them again in this court.  As discussed, *supra*, the court finds that Medeiros's claims in Grounds one and two, that the initial decision of the HPA was unconstitutional, are time-barred and if this finding is adopted, these claims may not be raised again without permission from the Ninth Circuit Court of Appeals.  *See* 28 U.S.C. 2244(b)(3)(A).

## CONCLUSION

1.      The court FINDS that this Petition challenges two separate parole board decisions and is, therefore, two separate petitions, and RECOMMENDS they be treated separately.

2.      The court FINDS that Grounds one and two, and all claims relating to the HPA's initial setting of Medeiros's minimum and maximum terms, constitute the first Petition.  The court FINDS that the first Petition, Grounds one and two, is

time-barred and RECOMMENDS it be DISMISSED with prejudice.

3.     The court FINDS that Ground three, and all claims relating to the HPA's recent denial of Medeiros's petition to reduce his minimum terms, constitute a second Petition.  The court FINDS that these claims are unexhausted and RECOMMENDS they be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 9, 2006.



Kevin S.C. Chang
United States Magistrate Judge

Medeiros v. Blair, et al., Civ. No. 05-00738 SOM-KSC, FINDINGS AND RECOMMENDATION TO DISMISS PETITION, dmp\ Habeas 06\ Medeiros f&r

13