IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD MEDEIROS, | ) | Civ. No. 05-00738 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| vs. | ) | RECOMMENDATION THAT |
| | ) | PETITIONER'S 28 U.S.C. § 2254 |
| LANE BLAIR, Warden, CCA-Diamondback Correctional Facility; and FRANK LOPEZ, Acting Director, Hawaii Department of Public Safety, | ) | PETITION BE DISMISSED |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT
PETITIONER'S 28 U.S.C. § 2254 PETITION BE DISMISSED

I.   INTRODUCTION.

This matter is before this court on objections to Magistrate Judge Kevin S.C. Chang's Findings and Recommendation to Dismiss Petition filed on April 11, 2006, and his Order Denying Motion for Reconsideration filed on May 22, 2006 (collectively "F&R"). The F&R recommended that this court dismiss Harold C. Medeiros's petition under 28 U.S.C. § 2254 ("Petition").

As described in the F&R, the Petition presents two challenges to decisions by the Hawaii Paroling Authority ("HPA"). First, the Petition argues that, in 2002, the HPA unconstitutionally set Medeiros's minimum term of imprisonment equal to his maximum term of imprisonment. Second, the Petition

argues that, in 2005, the HPA unconstitutionally denied Medeiros's request for a reduction of his minimum term.

The F&R recommended that this court dismiss the Petition, reasoning that the one-year statute of limitation barred Medeiros's challenge to the 2002 HPA decision and that Medeiros had failed to exhaust his state remedies for the 2005 HPA decision.  This court agrees with the F&R and dismisses the Petition.

II.     STANDARD OF REVIEW.

The court reviews de novo those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the F&R made by the Magistrate Judge.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's F&R that are not objected to if it is satisfied that there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), aff'd, 389 F.3d 880 (9th Cir. 2004); Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

III.     BACKGROUND FACTS.

The court incorporates the facts set forth in the F&R, as Medeiros is not challenging or objecting to those facts.

IV.     ANALYSIS.

A.   2002 HPA Decision.

Medeiros initially argues that, in 2002, the HPA unconstitutionally set his minimum term of incarceration to equal his maximum sentence.  In other words, Medeiros argues that the HPA unconstitutionally set his minimum term of imprisonment to be ten years, an amount of time equal to the ten-year indeterminate sentence he received from the state-court judge.

Because Medeiros did not file the present Petition until November 30, 2005, the Magistrate Judge's F&R recommended dismissal of this part of the Petition as barred by the one-year statute of limitation set forth in 28 U.S.C. § 2244(d)(1). Although Medeiros's objection did not clearly object to this part of the F&R, because Medeiros is proceeding pro se, this court has examined the issue de novo and has determined that the Magistrate Judge is correct on this point.  Medeiros has presented no reason to toll the limitation period.  To the extent Medeiros challenges the 2002 decision by the HPA, that challenge is time-barred.

      B.   <u>2005 HPA Decision.</u>

Medeiros's Petition next challenges the 2005 HPA decision that denied Medeiros's request to reduce his sentence. The F&R recommended dismissal of this challenge on the basis that Medeiros admitted that he failed to exhaust his existing state remedies before filing the Petition on this point. The F&R specifically determined that Medeiros has the right to challenge the HPA's 2005 decision in the Hawaii courts under Rule 40 of the Hawaii Rules of Penal Procedure.

Although Medeiros's objection to the F&R is confusing, he appears be arguing that he did exhaust his state remedies before filing the Petition. Medeiros, however, provides no detail as to how he exhausted his state remedies with respect to the 2005 HPA decision. To the contrary, in his Memorandum of Law in Opposition to Answer (March 2, 2006), Medeiros conceded that he had not exhausted his state remedies with respect to the 2005 HPA decision. Given Medeiros's earlier admission that he has not exhausted his state remedies with respect to the 2005 HPA decision, the F&R correctly recommends dismissal on that basis. <u>See</u> 28 U.S.C. § 2254(b), (c). Medeiros's challenge to the 2005 decision by the HPA is dismissed.

      C.   <u>New Issues Raised for the First Time in Medeiros's Objections to the F&R.</u>

Medeiros argues for the first time that the Magistrate Judge should have also construed his Petition as stating claims

4

under 42 U.S.C. § 1983 and  28 U.S.C. § 2241.  This argument is not persuasive.

Medeiros's Petition was specifically brought under § 2254.  Even reading the Petition liberally, it does not allege a § 1983 claim, as it does not allege that any particular individual defendant, acting under color of law, infringed on one of his federal rights.  See F. R. Civ. P. 8(a)(2) (requiring complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) ("Section 1983 imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States.").

Even if the Petition could be read as alleging a § 2241 violation, that claim would not be viable.  Because Medeiros is in custody pursuant to a state-court judgment, § 2254, rather than § 2241, applies to his challenge to his sentence.  See White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004) ("We hold that the district court erred in concluding that White could seek habeas relief under 28 U.S.C. § 2241, which is properly understood as a general grant of habeas authority that provides federal court jurisdiction to a state prisoner when that prisoner is not in custody pursuant to a 'state court judgment.'  Because

5

White was 'in custody pursuant to a state court judgment' at the time he filed his federal habeas petition, 28 U.S.C. § 2254 is the proper jurisdictional basis for his habeas petition."), cert. denied, 543 U.S. 991 (2004).

V.    CONCLUSION.

For the foregoing reasons, the court adopts the F&R and dismisses the Petition.  To the extent the Petition challenges the 2002 HPA decision to set Medeiros's minimum term as equal to his maximum term, the Petition is dismissed with prejudice.  To the extent Medeiros challenges the 2005 HPA denial of his request to reduce his sentence, the Petition is dismissed without prejudice.  The Clerk of Court is directed to enter judgment against Medeiros and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 20, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Medeiros v. Blair, Civ. No. 05-00738 SOM/KSC; ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE DISMISSED